UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

Denny Martinez,

**12 CV Civ. 4341**

                Plaintiff,

        vs.                                                    **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER
CHRISTOPHER MARKS, shield no. 08351, POLICE      **JUDGE CEDARBAUM**
OFFICERS JOHN DOE AND RICHARD ROE (names
and number of whom are unknown at present), and other
unidentified members of the New York City Police
Department

                                                               **JURY TRIAL
                                                               DEMANDED**

                Defendants
-------------------------------------------------------------------------X


## PRELIMINARY STATEMENT

1.      This is a civil rights action to recover money damages arising out of defendants'

violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of

rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the

laws of the State of New York.  Plaintiff, while walking down the street with his sister and friends

was struck, punched, and beaten by New York City police officers.  Plaintiff was deprived of his

constitutional and common law rights when the individual defendants utilized excessive force,

committed an unwarranted and malicious assault and battery on plaintiff, unlawfully confined

plaintiff, and caused the unjustifiable arrest and prosecution of plaintiff.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court

by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4) and the aforementioned statutory and constitutional

provisions.

3.      The plaintiff further invokes this Court's supplemental  jurisdiction, pursuant to 28

U.S.C. §1367, over any and all State law claims and causes of action which derive from the same

nucleus of operative facts and are part of the same case or controversy that give rise to the federally

based claims and causes of action.


## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New

York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and because the claims arose in this district and

plaintiff resides in this district.


## PARTIES

5.      Plaintiff Denny Martinez is a  resident of the County of Bronx, State of New York.

6.      New York City Police Officer Christopher Marks, shield number 08351 is and was

at all times relevant herein an officer, employee, and agent of the New York City Police Department.

On the date of the incident, March 6, 2011, he was assigned to the 45th Precinct.  Police Officer

Christopher is being sued herein in his individual capacity and official capacity.

7.      New York City Police Officers John Doe and Richard Roe are and were at all times

relevant herein officers, employees, and agents of the New York City Police Department. On the date of the incident Officer John Doe and Richard Roe were assigned to the 45th Precinct. Officers John Doe and Richard Roe are being sued herein in their individual capacity and official capacity.

8.      Except as to the actions that form the basis for the complaint of punitive damages to defendants Christopher Marks, John Doe and Richard Roe the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9.      Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

10.      On March 6, 2011, plaintiff, Denny Martinez, exited a night club with his fiancé, his sister and a few other friends.

11.     As they were walking to their car they observed police officers involved in several arrests.

12.     In one of the arrests police officers were mistreating the person being arrested.

13.     Plaintiff's sister, from a distance, yelled to the defendant officers to stop hitting the person and told the defendant officers that what they were doing was police brutality.

14.     The defendant officers responded by telling plaintiff's sister to "shut the fuck up."

15.     Plaintiff then told the defendant officers that they shouldn't speak to his sister like that and that they shouldn't be hitting the person being arrested.

16.     The defendant officers finished handcuffing the person they were involved with and quickly approached plaintiff who was on the other side of the street and said, "What's your problem? You want to be a hero? You want to be a big brother?"

17.     When plaintiff did not respond one of the defendant officers took his baton and began to hit plaintiff on his legs.

18.     Another defendant officer attempted to strike plaintiff in the head with his baton and when plaintiff shielded his face with his arm the baton struck his hand and fractured it.

19.     The other defendant officers including defendant Christopher Marks then punched and pushed plaintiff to the ground.

20.     While on the ground plaintiff was punched and struck repeatedly by the defendant officers.

21.     Plaintiff was arrested and falsely charged in a complaint sworn to by defendant police officer Christopher Marks with Assault, Resisting Arrest, Obstructing Governmental Administration, Harassment, and Disorderly Conduct.

22. At no time did plaintiff strike or attempt to strike any of the defendants.

23. At no time did plaintiff resist arrest, obstruct the officers from performing their arrest functions, or act disorderly.

24. The assault on plaintiff by defendants was far in excess of their rightful authority as New York City police officers. This assault on plaintiff was made without proper cause.

25. The assault, false imprisonment, and false arrest of plaintiff by defendants police officer Christopher Marks and John Doe and Richard Roe caused plaintiff to sustain physical pain and suffering and psychological and emotional trauma and their actions constituted outrageous and reckless conduct and demonstrated a callous indifference and wilful disregard to plaintiff's federal and state protected. rights.

26. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and

### Fourteenth Amendment Rights

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 26 with the same force and effect as if more fully set forth at length herein.

28. Defendants police officer Christopher Marks and John Doe and Richard Roe who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be

imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable

seizure under the Fourth Amendment to the Constitution of the United States and to be free of a

deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

29.     The plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs marked 1 through 28 with the same force and effect as if more fully set forth at length

herein.

30.     The use of excessive force by defendants Christopher Marks and John Doe and

Richard Roe, acting in concert, in punching, pushing and striking plaintiff was an objectively

unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to

the United States Constitution.

## THIRD CAUSE OF ACTION

### Assault

31.     The plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs marked 1 through 32 with the same force and effect as if more fully set forth at length

herein.

33.     Defendants, their agents, servants and employees, acting within the scope of their

employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or

apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a

violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s) caused apprehension of such contact in the plaintiff.

34.    Defendants Christopher Marks and John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

35.    Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### Battery

36.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37.    The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, when they, in a hostile and/or offensive manner struck plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

38.    Defendants Christopher Marks and John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

39.    Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### False Arrest

40.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 39 with the same force and effect as if more fully set forth at length herein.

41.     The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York.  Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.  In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

42.     Defendants Christopher Marks and John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

43.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

44.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 43 with the same force and effect as if more fully set forth at length herein.

45. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Christopher Marks and John Doe and Richard Roe individuals who were unfit for the performance of police duties on March 6, 2011, at the aforementioned location.

46. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

47. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Denny Martinez shall recover compensatory damages in the sum of $1,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

   b.      That the plaintiff have such other and further relief as the Court shall deem

just and proper.


DATED:        June 4, 2012
              New York, New York

                                              _____
                                              EARL S. WARD, ESQ. (EW 2875)
                                              75 Rockefeller Plaza, 20th Floor
                                              New York, New York 10019
                                              (212) 763-5070
                                              eward@ecbalaw.com

                                              SIEGEL TEITELBAUM & EVANS LLP
                                              By Norman Siegel, Esq. (NS 6850)
                                              260 Madison Avenue, 22nd Floor
                                              New York, New York 10016
                                              (212) 455-0300
                                              nsiegel@stellp.com


                                              ATTORNEYS FOR PLAINTIFF